# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**Esequiel Espinoza, Leandro and Molly Garcia,
Peter H. Cantrup, Steve Montoya, Randy Sandoval,
Judi Anne Romero, Patsy Manzanares,
Sam and Regina Garcia, David Vasquez, Darla Vigil,
Bobbi Jo Hays, Sonya Garcia-Martinez,
Joe R. Archuleta, Marlene Lee, Lee and Irene Romero,
Corelia Serrano, Rubel Martinez, Frances Garcia,
Angela Espinoza Madigan, Theodoro Roybal,
Albert Moreland Jr., Gustavo Roybal,
Rey and Beverly Ortiz, Ivan Archuleta,
Louis and Sadie Martinez, Maria C. Portillo,
Gilbert and Elena Baca, Ruben L. Ramirez,
Gregorio and Judy A. Garcia, Jeff D. Romero,
Dennis Montoya, Leonard E. Garcia, Loren Pacheco,
Rosie Chacon, Cindy Chavez, Pedro and Maria T. Roybal,
Dennis Naranjo, Donna K. Abeyta, Cathy Sanchez,
Arsenio Maestas, Josie Vasquez, Raymond Gallegos Sr.,
Edward and Alvera Edmunds, Ruth and Norman Gurule,
Shauna Wooters, Issac Chavez, Gilbert and Jane Lopez,
Carlos Serrano, Ray G. Morales, Lawrence Naranjo,
Gustavo Roybal, Edward and Lynn Chavez,
Pamela S. Garcia, Melissa Gallegos, Carol E. Esquibel,
Estevan and Eppie Martinez, Melanie Ortiz, Gloria Martinez,
Ramon and Cordelia Casias, Frankie and Carmen Lopez,
Josina Trujillo, Dorothy Dixon, Joe E. Borrego, Ron Lopez,
Jeanette Martinez, Birsing and Kirkaur Khalsa,
Gurulal and Varnjeet Khalsa, Larry and Myrna Romero,
Carmen Noble, Thomas and Sheila Vigil, Letisha Martinez,
Jessica Maestas, Arsenio and Bernadette Salazar,
Erica Martinez and Daniel Lovato, Raul and Hilda Galvan,
Ralph and Julie Ann Martinez, Elaine Branch, Ella Lujan,
Willie and Priscilla Salazar, Ed. E. Herrera, Joaquin Valdez,
Bernadette Salazar, Dora B. Pacheco, Jesus and Maria Chavira,
Catherine Sanchez, Crystal Martinez, Doris and Danny Pacheco,
Joan S. Brown, Rickey E. Martinez, Johnny DeVargas,
David L. Lujan, Evelyn Naranjo, Norbert Garcia, Casey Quintana,
Abedon and Florinda Trujillo, Kristal Munoz, Lorraine Dominguez,
Christen Coburn, Bernardo and Karrie Archuleta, Arlene Encinias,
Benajamin Ortega, Gerald and Dolores Gallegos,
Lizandro and Maybel G. Ocana, Sadie L. Martinez,
Gene and Jeannette Aldaz, Alicia and Jon Naranjo, Ruby Maes,
Eliseo and Adonilia Romero, Grace Gallegos, Mary M. Garcia,**

**Sharon Herrera, Debra and Martin Rodriguez,
Gene and Jeannette Aldaz, Jeffrey Salazar,
Jimmy and Kimberly Herrera, Mario and Theresa M. Romero,
Raymond Ortega, Robert and Dina Duran, Sylvia Salzar,
Donna and Raul Vigil, Rose Montoya, Kathleen Maestas,
Susan Mondragon, Roxanne Martinez, Viola Romero,
Fatima Martinez, John-Alex Salazar, Sandra Martinez,
Benito and Prescilla Martinez, Rubel Martinez,
Nora and Manuel Marrufo, Rachel Marquez, Brenda Gurule,
Petrita Garduno, Jason Nobel, Genoveva Vigil,
Donna Talache Mtz, Leon and Ellena Martinez,
Donna and Pablo M. Negreros, Katie Ortiz,
Katherine A. Gonzalez, Rudy and Nestora Rodarte,
Kathy Baca, Alma Delia Morales, Grace L. Karcher,
Margie Vigil, Raymond Borrego, Archie Bustos,
Johnny Marquez, Mike Schreiner, Richard Quintana,
Andrenette Boylan, Eloy and Helen Romero,
Keith Carleton and Hollie Nylund, Mary A. Martinez,
Lydia Wheeler, The Estate of Steve Sanchez, Orlando T. Martinez,
Cleo Jacquez, Lorenzo and Victoria Martinez, Connie Martinez,
Juan J. Roybal, Connie Vigil, Michael and Gloria Naranjo,
Elena Montoya, Joel Baldonado, Jose Luis Martinez,
Patrick Montoya, LeRoy and Lita M. Ortiz, Rebecca Martinez,
Charlotte Duran, Rudy and Pamela Valdez,
Levi and Ruby Valdez, Dean and Michelle Sandoval,
Michael and Amy Manning, Clerence and Aurora Vigil,
Benicio and Ruby Valdez, Wilfredo A. Vigil,
Allen and Michelle Roybal, Israel and Yolanda Archuleta,
Sonya P. Valdez, Timothy and Martha P. Trujillo,
Richard and Angie Valdez, Rose A. Martinez, Jerry Johnson,
Cristina Sandoval, Johnny G. Chacon, Danny & Andrea Wheeler,
Socorro Trujillo, Virginia Mares, Billy and Diana Baum,
Berlina Ramirez, Estevan and Mayo S. Martinez,
Oscar and Angela Payan, Eric Lopez, Rose Ann Maestas,
Sammy and Marcella Garduno, Emily Martinez,
Josephine Valdez, Margot Padilla, and John Adams,
1-500, inclusive,**

       **Plaintiffs,**
**vs.**                     **No. CIV 13-0378 RB/ACT**

**Allstate Property and Casualty Insurance Company,
American National Property and Casualty Companies,
American Reliable, Farmers Insurance Exchange,
Foremost Insurance Company, Liberty Mutual Group,
Metlife Auto and Home Insurance Company,**

**National Casualty Company, Safeco
Insurance Company of America, State Farm
Fire and Casualty Company, Hartford
Property and Casualty Insurance Company,
Travelers Home and Marine Insurance Company,
Jemez Mountains Electric Cooperative, Inc.,
and John Does 1-50, inclusive,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand. (Doc. 38). Defendants Allstate and State Farm oppose the motion. Having considered the submissions of counsel and relevant law, the Court grants this motion and remands this case to the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico.

**I.    Background**

On March 1, 2013, Plaintiffs filed suit against the Jemez Mountains Electric Cooperative (JMEC) and twelve insurance companies, alleging that they suffered property damage as a result of the Las Conchas wildfire in the Santa Fe National Forest. Plaintiffs assert state law claims of negligence, negligence per se, breach of third party beneficiary contract, nuisance, and trespass against JMEC, as well as claims for breach of contract, bad faith, violation of the New Mexico Unfair Insurance Practices Act, and violation of the New Mexico Unfair Trade Practices Act against the twelve homeowners insurance companies. (Doc. 1-1). Plaintiffs seek compensatory damages, punitive damages, attorneys' fees, costs, prejudgment interest, and post-judgment interest. (*Id.*) Plaintiffs allege they are residents of New Mexico, JMEC is a New Mexico corporation, and the twelve insurance companies are foreign corporations authorized to provide homeowners insurance coverage to New Mexico residents, including Plaintiffs. (*Id.*)

On April 24, 2013, Defendant Allstate Property and Casualty Insurance Company (Allstate) removed the case to this Court. (Doc. 1). Allstate asserts the Court has jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). (*Id.*) Allstate contends that the matter qualifies as a class action or a mass action under CAFA and JMEC was fraudulently joined. (*Id.*) Plaintiffs move to remand and request an award of attorneys' fees and costs.

**II.     Discussion**

**A.     Jurisdiction and CAFA**

Federal courts have limited jurisdiction and "there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Federal courts "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). As the removing party, Allstate bears the burden of establishing jurisdiction by a preponderance of the evidence. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

Allstate relies on the diversity statute as the basis for federal jurisdiction. In general, diversity jurisdiction requires that the amount in controversy exceed $75,000.00, and the existence of complete diversity, i.e., each defendant must be a citizen of a different state from each plaintiff. *See* 28 U.S.C. § 1332(a). CAFA expanded the diversity statute to confer federal jurisdiction over certain class actions, as well as mass actions, which are lawsuits brought on behalf of numerous plaintiffs presenting common questions of law or fact but who did not seek class certification status. *See* 28 U.S.C. § 1332(d). Actions that do not fit into the statutory definitions fall outside CAFA's jurisdictional reach, regardless of whether they meet the other prerequisites of numerosity, minimal diversity, and amount in controversy. *Purdue Pharma v.*

*Kentucky*, 704 F.3d 208, 214 (2d Cir. 2013). Notably, the primary objective of CAFA is to ensure "federal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, ___ U.S.___, 133 S.Ct. 1345, 1350 (2013).

### B. This case does not qualify as a class action within the meaning of CAFA

In order to qualify this case as a class action, Allstate must establish that: (1) the proposed class contains at least 100 members; (2) minimal diversity exists between the parties, (i.e., where "any member of a class of plaintiffs is a citizen of a state different from any defendant"); and (3) the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2)-(6). CAFA defines the term "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Federal Rule of Civil Procedure 23 provides that "one or more members of a class may sue or be sued as representative parties on behalf of all members only if the criteria for numerosity, commonality, typicality, and adequacy of representation are satisfied." FED. R. CIV. P. 23(a). Because the Complaint was not commenced under Rule 23, it would qualify as a class action only if it were filed under a state statute or rule that is similar to Rule 23 that authorizes a class action. 28 U.S.C. § 1332(d)(1)(B). By definition, a class action involves one or more persons suing as representative parties.

None of the claims brought in the Complaint authorizes an action to be brought by one or more representative persons as a class action. Courts have held that lawsuits do not qualify as class actions for the purposes of CAFA where they lack the representative nature of a class action. *See Erie Ins. Exchange v. Erie Indem. Co.*, 722 F.3d 154, 159-60 (3d Cir. 2013) (holding

5

that an action brought under a state rule, which allowed suit on behalf of an unincorporated association to be prosecuted by its members was not a class action within the meaning of CAFA); *Purdue Pharma v. Kentucky*, 704 F.3d 208, 214 (2d Cir. 2013) (determining *parens patriae* action was not suit "filed under" state statute or rule of judicial procedure "similar" to federal class action rule, and thus action did not qualify as a "class action" within the meaning of CAFA); *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 174 (4th Cir. 2011) (concluding that action brought under state statutes, neither of which included provisions for typical class actions, such as provisions addressing adequacy of representation, numerosity, commonality, and typicality requirements, was not removable under CAFA).

In this case, the Complaint was not filed under any state statute or rule authorizing any representative person to sue on behalf of others. Rather, Plaintiffs bring suit on their own behalf to recover damages allegedly sustained as a result of a wildfire. Plaintiffs do not bring suit under any state statute or rule that would authorize a class action. As a result, this case does not qualify as a class action within the meaning of CAFA.

### C. This case does not qualify as a mass action within the meaning of CAFA

Allstate also contends that this suit qualifies as a mass action. CAFA defines mass action as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). A mass action must satisfy the same three threshold jurisdictional requirements applicable to class actions: (1) there are at least 100 class members; (2) there is minimal diversity, that is, where at least one plaintiff and one defendant are from different states; and (3) the aggregate value of the claims exceeds $5,000,000. 28 U.S.C. § 1332(d)(11)(A); 28 U.S.C. § 1332(d)(2).

Allstate has met the commonality, numerosity, and minimal diversity requirements. The Complaint satisfies CAFA's commonality requirement because all Plaintiffs plead the same underlying facts and assert the same claims. (Doc. 1-1). Moreover, Allstate has satisfied the numerosity requirement. Courts have recognized that in cases where a single complaint joins the claims of more than 100 plaintiffs without proposing a joint trial, it is assumed that a single trial was intended because "one complaint, one trial, is the norm." *Koral v. Boeing Co.,* 628 F.3d 945, 947 (7th Cir. 2011). Notably, "removal under [CAFA] encompasses all the claims in the 'action' as a whole, not simply the claims against a removing defendant." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1198, 1196 (11th Cir. 2007). In this case, more than 100 Plaintiffs joined in a single Complaint under a single caption. (Doc. 1-1). Plaintiffs filed joint claims on behalf of all Plaintiffs, relying on a single common factual basis, namely the Las Conchas fire. Simply put, Allstate has established that there are at least 100 class members. Additionally, it is undisputed that minimal diversity exists because at least one plaintiff and one defendant are from different states.

As to the amount in controversy requirement, a defendant seeking to remove under CAFA must show that the aggregate amount in controversy exceeds $5,000,000 by a preponderance of the evidence. *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 (10th Cir. 2012). The analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later. *See Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1268 n. 12 (11th Cir. 2009). The amount in controversy is not "the amount the plaintiff will recover," but rather "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). As a general matter,"[p]unitive damages may be considered in determining the requisite jurisdictional

amount." *Id*. However, courts refuse to consider conjecture or speculation in determining the amount in controversy. *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 543 (3d Cir. 1995).

The Complaint does not specifically allege the amount in controversy. Allstate attached the Affidavit of Jeffrey S. Grossinger to its Notice of Removal. (Doc. 1-3). Mr. Grossinger, an Extra Contractual Liability Specialist employed by Allstate, has personally reviewed 70 of the demands submitted by individual Plaintiffs to Allstate. (*Id.*) The highest demand for one property claim was $25,602.86. (*Id.*) The highest claim for one Plaintiff, who owns several properties, is $89,720.78. (*Id.*) The average demand for the reviewed claims is $13,068.34. (*Id.*) The total aggregate demand of the 70 claims that Mr. Grossinger reviewed is $914,790.12. (*Id.*) By extrapolation, the aggregate demand for all 218 named Plaintiffs would total approximately $2,848,917.76. (*Id.*) This number is well below the $5,00,000 statutory requirement. While the Complaint seeks damages for bad faith, punitive damages, attorneys' fees and costs, Allstate relies on conjecture to make up the $2,000,000 difference. Accordingly, Allstate has not satisfied the amount in controversy requirement.

### D.     The local controversy exception applies

Plaintiffs contend that this case should be remanded under the local controversy exception to CAFA. Congress created the local controversy exception to "respond to concerns that class actions with a truly local focus should not be moved to federal court . . . because state courts have a strong interest in adjudicating such disputes. S. Rep. No. 109-14, at 39 (2005). A federal district court must decline to exercise jurisdiction if the plaintiffs can satisfy the requirements for this exception. *See* 28 U.S.C. § 1332(d)(4)(A); *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009). The local controversy exception is

treated as an exception to jurisdiction, and the party seeking remand has the burden to show that the local controversy exception applies. *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006).

In order to establish the local controversy exception, Plaintiffs must show that: (1) greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed, i.e., is a local defendant; (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same or similar allegations against any of the defendants had been filed in the preceding three years. 28 U.S.C.A. § 1332(d)(4)(A).

Allstate does not dispute that more than two-thirds of Plaintiffs are New Mexico citizens, that JMEC is a citizen of New Mexico, or that no other similar class action was filed against any of the Defendants during the three years preceding the filing of the case. Rather, Allstate contests that JMEC is a defendant from whom significant relief is sought and whose conduct forms a significant basis of the claim, and that Plaintiffs' principal injuries occurred in New Mexico. Allstate's arguments are belied by the fact that Allstate has brought a subrogation suit against JMEC in state court seeking redress for property damage and related losses that resulted from the Las Conchas fire. Clearly, JMEC is a defendant from whom significant relief is sought and whose conduct forms a significant basis of the claim. In that the Las Conchas fire caused the damages to Plaintiffs' property located in New Mexico, Plaintiffs' principal injuries occurred in New Mexico. For these reasons, Plaintiffs have established that the local controversy exception applies.

### E. JMEC is properly joined

Allstate urges the Court to adopt the doctrine of fraudulent misjoinder and sever Plaintiffs' claims against JMEC. The Tenth Circuit has not adopted the doctrine of fraudulent misjoinder. *See Lafalier v. State Farm Fire & Cas. Co.*, 391 Fed. App'x 732 (10th Cir. 2010). In any event, JMEC is properly joined as a defendant because Plaintiffs allege that JMEC caused the fire and bears some responsibility for their damages.

### F. The notice of removal was procedurally defective

Allstate admits that it did not obtain the consent of all the Defendants before filing its notice of removal. However, Allstate contends consent of all defendants was unnecessary because this matter qualifies as a class action. An action that qualifies as a class action within the meaning of CAFA may be removed without the consent of all defendants. *See* 28 U.S.C. § 1453(b). Because the case does not qualify as a class action within the meaning of CAFA, Section 1453(b) is inapplicable. When there are multiple defendants in a non-class action matter, all defendants must consent to join in the notice of removal in order for it to be effective. *See* 28 U.S.C. § 1446(b). "The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady v. Lovelace Health Plan*, 504 F.Supp.2d 1170, 1172-73 (D.N.M. 2007). In that Allstate did not obtain the consent of all Defendants, the notice of removal was procedurally defective.

### G. The request for attorneys' fees and costs is denied

Plaintiffs request an award of attorneys' fees and costs. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, (2005), the Court held that, "[a]bsent unusual circumstances, courts may award attorney's fees

under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Because the interpretation of CAFA presents a relatively unsettled area of the law, Plaintiffs' request for attorneys' fees and costs incurred as a result of the removal is denied.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Remand is granted.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorneys' fees and costs is denied.

**IT IS FURTHER ORDERED** that this matter is remanded to the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**